IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INLINE CONNECTION CORPORATION, BROADBAND TECHNOLOGY INNOVATIONS, LLC, AND PIE SQUARED, LLC, <br>          Plaintiffs, <br><br> v. <br><br> AOL TIME WARNER INCORPORATED, et al., <br>          Defendants. | C. A. No. 02-272-MPT |
| INLINE CONNECTION CORPORATION, BROADBAND TECHNOLOGY INNOVATIONS, LLC, AND PIE SQUARED, LLC, <br>          Plaintiffs, <br><br> v. <br><br> EARTHLINK, INC., <br>          Defendant. | C. A. No. 02-477-MPT <br><br> Consolidated Cases |

## MEMORANDUM ORDER

### Inline's Motion for Summary Judgment of Infringement

Inline moves for summary judgment that defendants infringe claims 1-5 of the '446 patent and claims 1, 2, 4, and 9 of the '585 patent. On January 31, 2007, Inline filed a letter responding to a letter of the previous date from defendants addressing the impact of the court's more recent claim construction order[1] on defendants' motion for summary judgement of non-infringement. In that letter, Inline informed the court that in light of that claim construction order, "the Court need not address plaintiffs' motion for summary judgment of infringement insofar as it concerns the asserted claims of the

---

[1] D.I. 614.

'446 patent and the '585 patent."[2] Therefore, Inline's motion for summary judgment of infringement by defendants of claims 1-5 of the '446 patent and claims 1, 2, 4, and 9 of the '585 patent is denied as moot. Further, during a hearing on January 31, 2007, Inline confirmed that inducement of infringement under 35 U.S.C. § 271(b) is no longer an issue for trial. The court will discuss the parties' arguments concerning defendants' purported use of the claimed invention under 35 U.S.C. § 271(a).

**Use under § 271(a)**

Inline moves for summary judgement claiming that defendants' conduct is an infringing "use" of their patented system. Inline argues that defendants' use of the patented system is uncontested, and therefore, is not an issue for trial.

A party infringes if it "makes, uses, offers to sell, or sells any patented invention."[3] *Use,* as defined by 35 U.S.C.A § 271(a), "embraces within its meaning the right to put into service any given invention."[4] Courts' interpretations of the meaning of "use" have consistently followed the Supreme Court's lead in giving the term a broad application.[5] The use of a claimed system, within the meaning of § 271(a) occurs when the alleged infringer: (1) exercises control over the system and (2) obtains beneficial use of the system.[6] An entity can "put into service" an infringing product, even if it did

---

[2] D.I. 621 at 2.

[3] 35 U.S.C.A. § 271(a) Infringement Statute.

[4] *NTP. Inc. v. Research In Motion,* 418 F.3d 1282, 1316 (Fed. Cir. 2005).

[5] *See id.* at 1317.

[6] *CIVIX-DDI, L.L.C. v. Cellco P'ship,* 387 F. Supp. 2d 869, 884 (N.D. Ill. 2005).

2

not own, or directly operate the infringing product.[7]

Inline argues that AOL and EarthLink exercise control over the ADSL systems covered by the claims and obtain beneficial use of them, even if they do not provide all of the system's components. First, Inline argues that it is undisputed that defendants provide "industry-standard" ADSL service to their customers. Further, Inline contends that sending and receiving information from the Internet, for example, an AOL web page in response to an ADSL subscribers request, is an infringing use, as evidenced by defendants' experts admission that a "customer uses those portions of the total ADSL system which are in the path of their ATM permanent virtual circuit."[8] Inline also states that defendants directly control whether a customer has access to, and therefore uses the system. Inline proposes that since defendants sell components of the system and offer instructions for installing those components, they thereby infringe. It urges that whether defendants exercise control over the telco's equipment or devices is irrevelant.

Defendants argue that because they do not provide all of the components of the claimed system and thereby do not make, use, offer to sell or sell the alleged patented system, they do not infringe. Defendants point out that they do not provide the telephone network, DSLAM, telephone exchange or telephone devices. They note that they do not have control over the telephone companies' equipment for provisioning ADSL service. Defendants further contend that providing website content, is not in itself enough to establish control over any part of the claimed system. Finally,

---

[7] *CIVIX-DDI, L.L.C.*, 387 F. Supp. 2d at 887.

[8] D.I. 449, Ex. 34 at 422 (Whited Deposition July 13, 2006).

defendants argue that Inline has not met its burden to specifically point out examples of direct infringement which requires a step-by-step claim analysis, and therefore, they cannot infringe as a matter of law.

Here, defendants advertise, promote and sell ADSL service to customers providing high speed connection to the internet.[9] Under § 271(a), defendants must exercise control over the system and obtain beneficial use of the system to be considered *in use* of a claimed system. Defendants exercise control by enlisting customers, provisioning connections, providing hardware devices and supplying troubleshooting support to their customers.[10] The fact that they do not own all of the component parts of the system does not matter. Where infringement associated with a patented system for database access was in question, the court in *Civix-DDI* concluded that third party ownership of computer terminals was inconsequential. Where "Civix controls the use of its system and obtains beneficial use of its system, then it does in fact 'use' the system under § 271(a)."[11] As in that case, defendants' argument that in order to directly infringe a system claim, a party must directly use each component of the system, fails. With regard to defendants' offering ADSL services, there is no question of material fact that defendants exercise control over the services provided and benefit from those services. They provide hardware, instructions and customer support – the type of activities considered constituting use under § 271(a).

---

[9] D.I. 496 at 15.

[10] D.I. 444 at 32.

[11] *Civix-DDI, LLC v. Cellco Partnership,* 387 F. Supp. 2d 869, 886 (N.D. Ill. 2005).

Therefore, should Inline establish at trial that defendants' ADSL services infringe the patents, defendants cannot avoid liability for infringement on the basis that they do not use the patented inventions as defined under § 271(a).

For the reasons contained herein,

IT IS ORDERED that:

1. Inline's motion for summary judgment of infringement (D.I. 446) as it relates to infringement of defendants of claims 1-5 of the '446 patent and claims 1, 2, 4, and 9 of the '585 patent is denied as moot.

2. Inline's motion for summary judgment of infringement (D.I. 446) regarding use under 35 U.S.C. § 271(a) is granted to this extent: should Inline establish at trial that defendants' ADSL services infringe the patents, defendants cannot avoid liability for infringement on the basis that they do not use the patented inventions as defined under § 271(a).

3. Inline's motion for summary judgment of infringement (D.I. 446) regarding inducement of infringement is denied as moot.

February 1, 2007

U.S. Magistrate Judge