**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNITED ACCESS TECHNOLOGIES, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO.: 02-272-MPT |
| | : | |
| EARTHLINK, INC., | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM ORDER**

**I. Introduction**

Defendant EarthLink, Inc. ("EarthLink") submitted a bill of costs against plaintiff United Access Technologies, LLC ("UA") seeking recovery of expenses incurred during litigation of a patent infringement case. EarthLink contends it was the prevailing party, and therefore, entitled to recover costs for depositions, witness fees, mileage and subsistence, exemplifications, discovery production, and printing and Clerk and Marshal fees.[1]

UA maintains it did not assume responsibility for such costs when it purchased the patents-at-issue from the original plaintiffs, and in any event, EarthLink's bill of costs seeks reimbursement for unauthorized expenses.[2]

**II. Background**

**A. Factual and Procedural History**

The patent infringement lawsuit was originally brought in April 2002 by Inline

---

[1] D.I. 716.
[2] D.I. 718.

Connection Corporation ("Inline"), Broadband Technology Innovations, LLC ("Broadband") and Pie Squared, LLC ("Pie"), collectively (the "Original Plaintiffs"), against EarthLink.[3]  Original Plaintiffs alleged EarthLink infringed upon U.S. Patent Nos. 5,844,596 ("the '596 patent"), and 6,243,446 ("the '446 patent") and the 6,542,585 ("the '585 patent"), collectively, (the "Patents").[4]

In its answer, EarthLink denied the allegations of infringement and raised counterclaims seeking declaratory judgment of non-infringement, invalidity and unenforceability of the Patents.[5]  In February 2007,  trial resulted in a jury verdict in favor of EarthLink of noninfringement and invalidity.[6]

In April 2007, Original Plaintiffs filed a renewed motion for judgment as a matter of law ("JMOL"), or alternatively, motion for new trial, arguing no reasonable jury could have found the Patents invalid or not infringed.[7]  Subsequently, the court overturned the jury's verdict of invalidity, but sustained noninfringement.[8]  After Original Plaintiffs and EarthLink filed notices of appeal to the Federal Circuit, the court entered final judgment on March 23, 2010.[9]

While on appeal, UA purchased an assignment of all rights, title, and interest in the Patents.[10]  Under the Purchase Agreement, UA claims it agreed to assume only those costs and expenses incurred after May, 28, 2010, the effective date of the

---

[3] D.I. 1; *See also Inline Connection Corp. v. EarthLink, Inc.*, No. 02-477-MPT.  The 02-477 matter was filed in June 2002.  The two matters were consolidated with the 02-272 serving as the lead case.
[4] D.I. 1.
[5] D.I. 137.
[6] D.I. 664.
[7] D.I. 681-82.
[8] D.I. 699.
[9] D.I. 707.  The filing date for the proposed final judgment was March 23, 2010, the same date on which the parties' notices of appeal were filed.
[10] D.I. 709-10.

agreement.[11]  UA then filed a motion for substitution of a party under FED. R. CIV. P. 25(c),[12] which was granted on December 7, 2010.[13]

On October 12, 2011, the Federal Circuit affirmed this court's judgment without a written opinion.[14]  On December 19, 2011, EarthLink filed a bill of costs totaling $109,922.19.[15]  On January 3, 2012, UA filed its objection to EarthLink's bill of costs.[16]  Thereafter, EarthLink responded to UA's objection on January 17, 2012.[17]

## III.  Analysis

### A.  Legal Standard

Fed. R. Civ. P. 54(d) provides, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party."  There is a "strong presumption" that costs are to be awarded to the prevailing party.[18]  This court's Local Rule 54.1(c) provides a defendant is the prevailing party "upon a dismissal or summary judgment or other termination of the case without judgment for the plaintiff on the merits."[19]  Furthermore, 28 U.S.C. § 1920 enumerates taxable costs.[20]  In reviewing a request for costs under Rule 54(d) and 28 U.S.C. § 1920, the court must apply the law of the regional circuit, in this matter the Third Circuit,

---

[11] *Id.* at Ex. A, Declaration of Randy Domolky at ¶ 3.
[12] D.I. 709.
[13] D.I. 710.  As noted in the motion to substitute, a similar motion was previously filed in the Federal Circuit on June 3, 2010, which was granted on June 23, 2010.
[14] D.I. 714.
[15] D.I. 716.
[16] D.I. 718.
[17] D.I. 720.
[18] *Reger v. Nemours Found., Inc.*, 599 F.3d 285, 288 (3d Cir. 2010).
[19] L.R. 54.1(c).
[20] Taxable costs include:  (1) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (2) fees and disbursements for printing and witnesses; (3) fees for exemplification and the costs for copies of any materials where the copies are necessarily obtained for use in the case; (4) docket fees; and (6) compensation of court appointed experts. 28 U.S.C § 1920.

and not the Federal Circuit.[21]

In its analysis, this court will first address whether EarthLink is the prevailing party, and then whether it is entitled to any taxable costs.

**B. Position of the Parties**

    1. *EarthLink Bill of Costs.*

EarthLink contends it is the prevailing party because it obtained a judgment of no liability, later affirmed on appeal,[22] and as the prevailing party, is entitled to certain taxable costs pursuant to FED. R. CIV. P. 54(d), and 28 U.S.C §1920.[23]

    2. *UA's Objection.*

UA asserts EarthLink's bill of costs is flawed. UA maintains it never assumed any responsibility for the costs and expenses associated with the litigation, including trial.[24] Furthermore, UA argues even if costs could be awarded, EarthLink is not the prevailing party under Third Circuit law because it was unsuccessful on its counterclaim of invalidity.[25] Additionally, the bill of costs seeks recovery of unauthorized expenses, including for depositions not used to resolve material issues, for witnesses, and for exemplification of documents related solely to discovery.[26]

    3. *EarthLink's Response.*

EarthLink maintains UA is responsible for the expenses sought because it

---

[21] *Ortho-McNeil Pharm., Inc. v. Mylan Labs. Inc.*, 569 F.3d 1353, 1356 (Fed. Cir. 2009) ("We apply the law of the regional circuit, here the Fourth Circuit, in reviewing the award of costs under Rule 54(d) and 28 U.S.C. § 1920.").

[22] D.I. 716 at 1.

[23] *Id.* at 1.

[24] D.I. 718.

[25] *Id.*

[26] D.I. 718.

voluntarily substituted itself, and EarthLink's right to costs vested at the time of substitution, as confirmed by a post trial teleconference with this court.[27]  EarthLink counters it is the prevailing party under controlling Federal Circuit law, not Third Circuit law as UA contends, since it achieved its ultimate objective, which was to avoid paying damages to UA, and eliminated past and future liability on the Patents.[28]

Additionally, EarthLink argues the requested costs are recoverable, because deposition transcripts were used extensively in the resolution of material issues, and travel expenses were incurred for three witnesses who traveled from Atlanta, GA with the remaining witnesses coming from Morristown, NJ.  In light of the distance, travel to-and-from Atlanta or Morristown each trial day would have been impossible, and more expensive than subsistence expenses.[29]

Finally, EarthLink contends expenses for production of documents are also recoverable under L.R. 54 and § 1920.[30]  It notes UA fails to justify its position to preclude all costs for exemplification and printing.[31]  Given the scope and magnitude of this case, it maintains the request for costs for printing and exemplification are reasonable.[32]

### C.  The Prevailing Party.

Rule 54(d)(1) governs the award of costs.[33]  An award of costs involves two

---

[27] D.I. 720.
[28] *Id.* at 1.
[29] D.I. 720 at 2.
[30] *Id.*
[31] *Id.*
[32] *Id.* at 2-3.
[33] FED. R. CIV. P. 54(d)(1)

separate inquiries:[34] who the prevailing party is within the meaning of Rule 54(d)(1), and how much, if any, costs should be awarded to the prevailing party.[35]

Federal Circuit law defines "prevailing party" for the purposes of patent litigation.[36] "[J]ust because a party can be said to have 'prevailed' on a claim does not necessarily make him a prevailing party as the term is used in Rule 54."[37] The court must choose one prevailing party to receive any award of costs.[38]

> Rule 54(d) has no special rule or exception for mixed judgment cases, where both parties have some claims decided in their favor . . . . Thus, even in mixed judgment cases, punting is not an option; Rule 54 does not allow every party that won on some claims to be deemed a "prevailing party." For the purposes of costs and fees, there can be only one winner. A court must choose one, and only one, "prevailing party" to receive any costs award.[39]

To be a prevailing party, a party must have received at least some relief on the merits. That relief must materially alter the legal relationship between the parties by modifying one party's behavior in a way that "directly benefits" the opposing party.[40] A party in not required, however, to prevail on all claims in order to qualify as a prevailing party under Rule 54. Thus, the inquiry focuses on the relief obtained by EarthLink and UA respectively, and whether the outcome materially altered the legal relationship

---

[34] *Shum v. Intel Corp.*, 629 F.3d 1360, 1366 (Fed. Cir.2010)

[35] *Id.*

[36] *Id.* (citing *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed. Cir.1996); *see also Lifescan Inc. v. Home Diagnostics, Inc.*, C.A. No. 96-597-JJF, 2001 WL 1339405, *2 (D. Del. Oct. 30, 2001).

[37] *Shum*, 629 F.3d at 1367.

[38] *Id.* ("In our view, the plain language unambiguously limits the number of prevailing parties . . . to one because the operative term 'prevailing party' is singular . . . . Our conclusion that there can only be one prevailing party in a given case is reinforced by the use of the definite article 'the' before 'prevailing party.'").

[39] *Id.* However, although a party meets the prevailing party test, this court "retains broad discretion as to how much to award, if anything." *Manildra Milling*, 76 F.3d at 1183.

[40] *Shum*, 629 F.3d at 1367.

between them.

1. *Relief Obtained by Each Party.*

EarthLink contends it achieved its ultimate objective in the litigation: the right and ability to continue operating its DSL business free from damages, royalty payments, and the threat of an injunction or further litigation involving the Patents.[41]

UA contends both Original Plaintiffs and EarthLink achieved some benefit from the litigation since Original Plaintiffs successfully defended against EarthLink's claims of invalidity and unenforceability. Applying the analysis in *Lifescan Inc. v. Home Diagnostics, Inc.,*[42] according to UA, each party achieved some success and enhanced its position by virtue of this litigation, resulting in a tie, and accordingly, each party should bear its own costs.

2. *Whether the Relief Materially Altered the Legal Relationship between the Parties?*

At trial, Original Plaintiffs asserted infringement of claim 61 of the '596 patent; claims 1, 2, 3, 4, and 5 of the '446 patent; and claims 1, 2, 4, 8, and 9 of the '585 patent. EarthLink denied infringement and alleged the asserted claims were anticipated and obvious, and the Patents failed to comply with the written description and enablement requirements of 35 U.S.C. § 112. Subsequently, the jury returned a verdict of noninfringement, and found each asserted claim invalid as anticipated and obvious, and the Patents failed to comply with the written description and enablement requirements of § 112. In upholding the jury's verdict of noninfringement, this court reviewed the

---

[41] D.I. 720 at 6.
[42] C.A. No. 96-597-JJF, 2001 WL 1339405, *2 (D. Del. Oct. 30, 2001).

jury's decision to determine if it was reasonably supported by the evidence.[43]  To prevail

on a motion for JMOL under FED. R. CIV. P. 50(a), the moving party "'must show that the

jury's findings, presumed or express, are not supported by substantial evidence or, if

they were, that the legal conclusions implied [by] the jury's verdict cannot in law be

supported by those findings.'"[44]  "'Substantial' evidence is such relevant evidence from

the record taken as a whole as might be acceptable by a reasonable mind as adequate

to support the finding under review."[45]  Defined another way, substantial evidence is

evidence that a reasonable individual might accept as supporting the jury's decision.[46]

In applying the Rule 50 standard, this court found there was substantial evidence to

support the jury's verdict on noninfringement, but concluded such evidence did not exist

for the jury's findings of invalidity.[47]

A presumption of validity attaches to an issued patent; invalidity requires proof by

clear and convincing evidence.[48]

> A patent shall be presumed valid.  Each claim of a patent (whether in
> independent, dependent, or multiple dependent form) shall be presumed
> valid independently of the validity of other claims; dependent or multiple
> dependent claims shall be presumed valid even though dependent upon
> an invalid claim.[49]

For EarthLink to overcome this presumption of validity in challenging the Patents,

it must prove facts supporting invalidity by clear and convincing evidence.[50]  In finding

[43] *Arthrocare Corp. v. Smith & Nephew Inc.*, 310 F. Supp. 2d 638, 652 (D. Del. 2004).
[44] *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1348 (Fed. Cir. 1998) (citations omitted).
[45] *Perkin-Elmer Corp. v. Computervision Corp.*, 732 F.2d 888, 893 (Fed. Cir. 1984).
[46] *C.R. Bard Inc v. U.S. Surgical Corp.*, 258 F. Supp. 2d 355, 358 (D. Del. 2003).
[47] See *Inline Connection Corp. v. EarthLink*, 684 F. Supp. 2d 496 (D. Del. 2010).
[48] 35 U.S.C. § 282.
[49] *Id.*
[50] *Schumer v. Lab. Computer Sys., Inc.*, 305 F.3d 1304, 1315 (Fed. Cir. 2002).

the absence of substantial evidence to sustain the jury verdict on invalidity, this court did not determine the Patents were valid per se, but concluded EarthLink failed to carry its burden to prove they were invalid.[51]   Therefore, the court's determination on validity did not materially alter the legal relationship between the parties by modifying EarthLink's behavior in a way that directly benefitted Original Plaintiffs because when EarthLink raised its various invalidity defenses, the Patents already enjoyed a presumption of validity.   Regarding validity, the legal relationship existing between the parties before, during and after this matter remained the same.

A patent gives the right to the patentee to exclude *all others* from making, using, offering to sell or selling the patented invention, and by this right prevents others from competing with the patent owner.[52]   A patent is similar to a deed, evidencing a federally created right of property ownership and serves as a warning to all not to practice the invention.[53]   The primary benefit of a patent is the right to exclude others.[54]   When a finding of noninfringement occurs, the result is "[a] judicial declaration that one is free from another's right to exclude," thereby "alter[ing] the legal relationship between the parties."[55]

> The freedom to practice an invention without fear of suit by the patentee is a valuable commercial benefit.   By removing the potential threat of the patentee instituting an infringement action, the competitor necessarily alters the patentee's subsequent behavior to his benefit.[56]

As a result, although EarthLink was not ultimately successful on its invalidity

---

[51] *In re Construction Equipment Co.*, 665 F.3d 1254, 1256 n.3 (Fed. Cir. 2011).
[52] 35 U.S.C. § 154. (emphasis added).
[53] *Arachnid Inc. v. Merit Indus. Inc.*, 939 F.2d 1574, 1578-79 (Fed. Cir. 1991).
[54] *Id.*
[55] *Manildra Milling*, 76 F.3d at 1183.
[56] *Id.*

positions, because of the finding of noninfringement and Original Plaintiffs' loss of the right to exclude, EarthLink is the prevailing party.

### D. UA's Responsibility as a Substituted Party.

1. *Substitution of Parties under Fed. R. Civ. P. 25*

FED. R. CIV. P. 25(c) provides in relevant part:

> (c) Transfer of Interest.  In case of any transfer of interest, the action may be continued by or against the original party unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.

Rule 25(c) does not ordinarily alter the substantive rights of parties, but is a procedural device designed to facilitate the conduct of a case.[57]  It permits automatic continuation of a lawsuit against an original party, although the outcome will bind the successor.[58]  Thus, Rule 25(c) does not determine what actions survive a transfer of interest; rather, it governs the mechanics of substitution in an action which survives under applicable substantive law.[59]  The rule is designed to allow an action to continue unabated when an interest in a lawsuit changes hands, avoiding the need to initiate a new action.[60]  An order of joinder, however, is a discretionary determination by the trial court that transferees's presence would facilitate the conduct of the litigation.[61]

UA contends it did not pursue any of the infringement claims against EarthLink that resulted in the expenses detailed in the bill of costs.[62]  Additionally, UA maintains

---

[57] *Luxliner P.L. Export, Co., v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71-72 (3d Cir. 1993).
[58] *Id.* at 72.
[59] *General Battery Corp., v. Globe-Union, Inc.*, 100 F.R.D. 258, 261 (D. Del. 1982) (quoting *Hilbrands v. Far East Trading Company, Inc.*, 509 F.2d 1321,1323 (9th Cir. 1975)).
[60] *Id.* at 261-63
[61] *Luxliner,*13 F.3d at 71-72.
[62] D.I. 718 at 6.

EarthLink should have opposed UA's motion to substitute to preserve its right to costs against Original Plaintiffs, and should have argued for joinder.[63]

EarthLink argues UA's substitution was voluntarily, and therefore, it is responsible for the costs. Furthermore, EarthLink asserts it is not a party to the Purchase Agreement between UA and Original Plaintiffs. In fact, EarthLink never saw the Purchase Agreement until certain portions were produced under seal pursuant to a court order because the terms were confidential.

UA's argument that it was not involved in the infringement action against EarthLink is without merit. UA took the place of Original Plaintiffs while this matter was on appeal. Original Plaintiff's claim is now UA's claim. In fact, in its almost mirrored motions to substitute before the Federal Circuit and this court, UA represented the Original Plaintiffs "sold and assigned" to it all right, title and interest in the Patents, *including* the right to sue for *past infringement* and the instant matter, "*including* the exclusive right to pursue the pending appeal . . . ."[64] Whether the expenses claimed by EarthLink are awarded against UA is not determined by Rule 25(c), a procedural mechanism to facilitate automatic continuation of a lawsuit, which does not decide the substantive rights of the parties.

UA's contention that Earthlink's acquiescence to its motion to substitute operates as a form of waiver is also unfounded. UA provides no support that there is a substantive difference between joining and substituting a party pursuant to Rule 25(c), and a survey of relevant law yielded no evidence to the contrary. UA's substitution was

---

[63] *Id.* at 6-7.
[64] D.I. 709 at 3-4.

procedurally necessary due to the transfer of interest in the Patents, and served as a mechanism to automatically continue the litigation without delay.

The parties dispute whether substitution of UA in place of the Original Plaintiffs bars or in someway prevents EarthLink's ability to recover costs against UA. Neither party disputes UA's status as a successor in interest to and its substitution for the Original Plaintiffs   As noted previously, Rule 25(c) enables an action to continue with the assignee in place of the original party, as if both parties are one in the same. Any judgment resulting from an action binds the successor, even if the successor is not named in the lawsuit.[65]  A successor is defined as "one who succeeds or takes the place of another."[66]  In fact, if no motion for a Rule 25(c) substitution is made, judgment against the original party binds the successor in interest as though the successor had been joined or substituted.[67]

Substitution under Rule 25 yielding contrary results would allow UA to elude its responsibility as the losing party, while reaping the benefits if successful,[68] rendering prior litigation efforts and decisions a nullity.[69]  As the substituted entity, UA cannot limit its liability to EarthLink, a non-party to the Purchase Agreement, to only costs incurred after substitution.  "Litigation is a two-way street.  Once it is entered it must be traveled the full length . . .  There is no escape route."[70]  If EarthLink had been unsuccessful on

---

[65] *Luxliner, supra* note 58, at 71.
[66] *Explosives Corp. Of America. v. Garlam Enterprise Corp.*, 817 F.2d 894, 906 (1st Cir. 1987) (citations omitted).
[67] *LiButti v. U.S.,* 178 F.3d 114,124 (2d Cir.1999).
[68] *See General Battery Corp.*, 100 F.R.D at 263.
[69] *See e.g. Froning's Inc., v. Johnston Feed Srvs., Inc.*, 568 F.2d 108, 110 n.4 (8th Cir. 1978) ("Appellant's contention that it could be prejudiced by double recoveries [ one by original plaintiff and one by successor], is in error because any judgment recovered by [original plaintiff] bids the assignees.").
[70]  817 F.2d at 907.

appeal, UA would have had the benefit of a new trial and any favorable judgment. Because UA succeeded to Original Plaintiffs' interest in the litigation, and as a real party in interest, indeed the only party in interest, it is responsible for any judgment for taxable costs. Therefore, since EarthLink is the prevailing party, any judgment in its favor for costs are recoverable against UA.[71]

### E. EarthLink's Bill of Costs

As the prevailing party, EarthLink seeks costs under D. DEL. LR 54.1(b) and 28 U.S.C. § 1920, for depositions, witnesses fees including mileage and subsistence, exemplifications and copies and Clerk and Marshal fees totaling $109,922.19.[72] UA does not contest the Clerk and Marshall fees; only deposition costs, witness related expenses, and costs of exemplifications and copies are disputed and addressed herein.

UA contends EarthLink seeks expenses not authorized under 28 U.S.C. § 1920, and therefore, its bill of costs should be denied.

#### 1. *Deposition Costs*

LR 54.1(b)(3) provides, in pertinent part:

> The reporter's reasonable charge for the original and one copy of a deposition and th reasonable cost of taking a deposition. . . are taxable only where a substantial portion of the deposition is used in the resolution of a material issue in the case.

LR 54.1(b)(3) focuses on the actual use of a substantial portion of the deposition to resolve a material issue in the case; it does not focus on the party's

---

[71] This finding does not address whether UA has a claim under the Purchase Agreement against the Original Plaintiffs.

[72] D.I. 716.

attorney's use or subjective view of the deposition as important or unimportant.[73] Additionally, the deposition must not only be actually used, but also the portion used must be substantial.[74]

EarthLink requests $39,772.44 for deposition costs, arguing the jury resolved the question of infringement, and not the court's subsequent JMOL decision.[75] It maintains the standard of review for the jury verdict was critical to the JMOL decision, that only resolved UA's motion to set the verdict aside, which was denied. EarthLink argues substantial portions of the depositions at issue, Goodman, Jackson, Beckmann, Anderson and Collins, were used throughout the trial.

UA maintains the JMOL decision resolved the issues of infringement and validity, and not the jury's verdict.[76] Since the depositions were used during the jury trial and not in the JMOL order, they did not resolve any material issues.[77] It further contends any deposition referenced in the JMOL decision was to summarize EarthLink's arguments, not to decide any material issues, and in any event, the decision did not explicitly cite to deposition testimony except for one excerpt, consisting only of seventy-six words, which does not meet the requirement of substantial portion.[78]

---

[73] *Honeywell Int'l, Inc.v. Hamilton Sunstrand Corp.*, C. A. No. 99-309 (GMS), 2009 WL 3153496, at *2 (D. Del. Sept. 30, 2009). EarthLink's argument distinguishing *Honeywell* on the basis that it involved a bench, rather than jury trial, is without merit.
[74] *Id.*
[75] D.I. 720, at 11.
[76] D.I. 718, at 10
[77] *Id.*
[78] D.I. 718, at 11

The primary issue is whether a substantial portion of the depositions was used to resolve material issues in the case, that is infringement and validity. Post verdict, the court reversed the jury's determination of invalidity, and upheld its finding of non-infringement. In applying the JMOL standard, this court found a reasonable jury could have determined UA's/Original Plaintiffs' witnesses were not credible by use of their depositions on cross examination for impeachment. Additionally, the JMOL decision notes the jury could have found a non-infringement verdict based on the testimony of Messrs. Anderson and Collins.[79]

Each deposition will be addressed to determine whether a substantial portion was used to resolve a material issue.

<u>David Goodman</u>[80]

Goodman's deposition was used during his cross examination for impeachment purposes. His deposition testimony was referenced on a total of thirteen pages of trial transcript regarding infringement and validity.[81] Although, Goodman's testimony addressed material issues, there is no evidence by EarthLink that a substantial portion was used. Under LR 54.1(b)(3), whether a deposition was used for the preparation of cross examination of witnesses is irrelevant. EarthLink simply contends Goodman's testimony was used "extensively;" it fails, however, to demonstrate the use was substantial. In fact, its identification to the limited pages in the trial testimony where Goodman's

---

[79] *Inline Connection Corp. v. EarthLink, Inc.*, 684 F. Supp 2d 496, 539-40 (D. Del. 2010).
[80] David Goodman is the inventor of the patents-at-issue.
[81] D.I. 720 at 13.

deposition was used on cross examination demonstrates otherwise.

<u>Charles L. Jackson</u>[82]

Jackson's deposition was also used for impeachment during his cross examination regarding infringement.[83]  This court found a reasonable jury could determine Jackson was impeached during his testimony, and thereby lacked credibility, which influenced the return a verdict of noninfringement.**[84]**  However, according to EarthLink's reference to the trial transcript, his deposition covered three pages of that transcript,[85] which is not consistent with substantial use.

<u>William Beckmann,[86] James B. Anderson,[87] and Gregory Collins</u>[88]

Despite EarthLink's conclusory argument that use of Beckman's deposition was substantial, it only referenced a total of five pages in the trial transcript where his deposition was used for impeachment on validity issues.[89]  Anderson's deposition was presented in court and served as his direct testimony on infringement and damages.  The parties dispute whether a substantial portion of that deposition was used.  Beyond a conclusory representation, Earthlink has provided no evidence that a substantial portion of Anderson's deposition was used at trial.  Although his video deposition was played as direct testimony, EarthLink fails to indicate how much of his deposition was presented to the jury.

---

[82] Dr. Charles Jackson was UA/Original Plaintiffs' expert.
[83] *Inline Connection Corp.*, 684 F. Supp. 2d at 537.
[84] *Id.*
[85] D.I. 720 at 13.
[86] Dr. William Beckman was UA/Original Plaintiffs' expert on invalidity.
[87] James B. Anderson was an EarthLink executive.
[88] Gregory Collins was an EarthLink employee.
[89] *Id.*

Collins' deposition relating to infringement was presented in lieu of his live testimony at trial. Assuming Collins deposition resolved a material issue, Earthlink only concludes his deposition was used extensively, relying on the declaration of Matthew C. Gaudet, Esq., who merely confirms the deposition was used, but fails to identify a substantial portion of his deposition was used under the *Honeywell* analysis.[90]

EarthLink has failed to demonstrate a substantial portion of the depositions were used to resolve the material issues, and thus is not entitled to deposition costs. Moreover, no justification exists under the circumstances of this matter to allow EarthLink to recover deposition expenses related to the issue of validity.

## 2. *Witness Related Expenses*

EarthLink seeks $ 5,195.75 in witness fees.[91] Taxation of witness fees is allowed under 28 U.S.C. § 1920(3) and LR 54.1(4), and are fixed by 28 U.S.C. § 1821.[92] "Absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in *28 U.S.C. § 1821* and *§ 1920*.[93] When an objection to such costs is based on the sufficiency, rather than the legal permissibility, of the

---

[90] *Honeywell Int'l, Inc. v. Hamilton Sunstrand Corp.*, C.A. No 99-309-GMS, 2009 WL 3153496, *2 (D. Del. Sept. 30, 2009).

[91] D.I. 716 at 4.

[92] 28 U.S.C. § 1821(c)(1) provides: A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other *evidence of actual cost* shall be furnished. (emphasis added).

[93] *Crawford Fiting Co v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444 (1987) (emphasis in original).

evidence, an invoice is adequate evidence of the actual costs.[94]  Under 28 U.S.C. § 1821(c)(2), "[a] travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed . . . for official travel of employees of the Federal Government shall be paid to each witness who travels by privately owned vehicle."  Earthlink requests the actual travel expenses for each witness by common carrier.  Additionally, since the daily rate for the DuPont Hotel exceeds the maximum subsistence rate of $141 per day authorized under § 1821, EarthLink seeks the maximum statutory rate.

UA maintains the requested costs for witnesses should be denied because EarthLink failed to prove such expenses were warranted[95] in the absence of evidence that the mileage fee is greater than subsistence fees, pursuant to LR 54.1(b)(4).  UA also contends a 2003 invoice from DuPont Hotel is insufficient evidence because it is clearly unrelated to trial in this case which occurred in February 2007.

EarthLink notes its bill of costs explicitly indicates the city and state of residence of each witness.  Messrs. Gallagher, Whited, and Anderson reside in Atlanta, GA, while Mr. Waring lives in Morristown, NJ.[96]  EarthLink argues the Hotel DuPont invoice was provided to illustrate that the cost of accommodations that facility was greater than the maximum allowable statutory amount for Wilmington, DE.

---

[94] *Kinzenbaw v. Case LLC*, C.A. No. 05-1483, 2006 U.S. App. LEXIS 10711, *15 (Fed Cir. Apr. 26, 2006).

[95] *Id.* at 12.

[96] D.I. 720 at 14.

Regarding Waring, EarthLink argues although his daily travel expenses would have been less than the allowable *per diem* accommodation rate, expenses related to his lodging should be awarded because daily travel during trial was unrealistic and not feasible. Alternatively, EarthLink requests $323.01 (222 miles round trip x $.485 per mile )[97] in mileage fees for round trip travel Waring would have made from New Jersey if he had not remained in Delaware during the trial.

Although EarthLink lists the days and total cost for each witness's lodging at the DuPont Hotel, it did not submit a copy of the actual hotel invoice for any witness. All it provided was a 2003 invoice for the DuPont Hotel EarthLink evidencing in that year, lodging costs were significantly higher than the maximum subsistence rate allowed in 2007.[98] EarthLink, however, provided in its Cost Detail document, detailed entries for the witnesses' travel costs, in addition to invoices showing flight information for Whited to and from Atlanta, and other related transportation costs. Moreover, the Gaudet's supplemental declaration confirms through his personal knowledge and observations that the witnesses for which subsistence expenses are sought resided at the Hotel at certain times and were present during trial, the daily cost of lodging at the Hotel exceeded $141.00 by approximately $100.00, and the payment of the actual Hotel charges were beyond the statutorily allowed maximum for each witness.[99]

---

[97] The U.S. General Services Administration automobile mileage rate from February 1, 2007 was $.485 per mile. *See* http://www.gsa.gov/portal/content/103969#auto.

[98] Subsumed in EarthLink's position is the daily Hotel DuPont charge would not have decreased between 2003 and 2007. The court finds that assumption reasonable.

[99] D.I. 721 at ¶ A.

The Cost Detail document, along with the Gaudet declarations and copy of the example 2003 hotel invoice satisfy the requirements of 28 U.S.C. § 1821.  As recognized in *In re Ricoh Co. Ltd. Patent Litigation*, the Federal Circuit noted some "circuits have held that a list of costs and expenses must be adequately detailed, identifying the purpose of each expenditure, and not filled with generic references".[100]  The Cost Detail document includes the date on which cost was incurred, the internal invoice number, payment voucher number, rate charged, name of vendor, a description of the charged activity, and total amount paid. Such detail illustrated therein is sufficient to satisfy the statutory requirements under 28 U.S.C. §§ 1821 and 1920 and the requirements of LR 54.1(4).

Therefore, EarthLink is entitled to subsistence and for travel expenses in the amount of $ 5,195.75.

### 3. *Exemplification, Coping and Printing Costs.*

Costs for exemplifications of exhibits will be granted only if a party shows the requested expenses were 1) necessarily sustained in connection with exhibits admitted into evidence or were explicitly and specifically requested by the court; 2) for exhibits or documents prepared primarily in order to aid the finder of fact's understanding of the issues in the case, and were not essentially explanatory or argumentative, serving merely as an aid to the argument of counsel and the explanation of expert witnesses; and 3) for the actual presentation of the exhibits

---

[100] 661 F.3d 1361, 1367 (Fed.Cir. 2011).

and documents, and not for the intellectual effort involved in their production.[101]
Generally, to recover for the costs of exhibits, only those exhibits requested by
court or admitted into evidence are taxable.[102]

UA argues all costs requested for exemplification, copies and printing
should be precluded because EarthLink failed to establish such items were
necessarily obtained for use at trial, rather than solely for use in discovery.[103]
Alternatively, UA contends the requested 20 cents per page is patently
unreasonable, warranting denial of any recovery, or at most, only 12 cents per
page should be allowed.

EarthLink notes since UA does not address or dispute its application for
costs of file wrappers or exhibits requested by the court, those expenses should
be awarded.[104]  Earthlink advances several arguments urging the court to interpret
- as other circuits have done - § 1920(4)  broadly, so it allows recovery of costs of
producing documents in response to discovery requests, and not just for
documents used at trial.[105]

EarthLink submitted several documents in support of its bill for costs,
including an eighty-four page Cost Detail document which identifies and itemizes
the dates, times, names of persons making copies, and number of and cost for
copying.

---

[101] *Honeywell Int'l, Inc. v. Hamilton Sunstrand Corp.*, C.A.No. 99-309,2009 WL 3153496, at *5 (D.
Del. Sept. 30, 2009).
[102] *Id.*
[103] D.I. 718 at 13.
[104] D.I. 720 at 15.
[105] *Id.* at 17-18.

EarthLink argues because the court required the parties to provide exhibits, represented to be used and for admission at trial, to address objections, it is entitled to recover those costs of $1,800.  That the court required the parties to make available potential exhibits for it to review before trial and prepare for objections, on the possibility a party may move a particular exhibit's admission at trial, does not fall within the *Honeywell* analysis.  Nothing EarthLink has provided identifies which of the massive amount of exhibits it reserved for admission were actually admitted at trial.  Because EarthLink chose to make such an extensive designation of possible trial exhibits, requiring the court to review and prepare for potential objections, does not make all exhibits reserved by EarthLink as explicitly or specifically requested by the court.  Further, since it is unclear which exhibits were actually admitted at trial, they also do not qualify under the second and third prongs of *Honeywell* as being prepared to aid the finder of fact's understanding of the issues in the case, or for the exhibit's actual presentation.[106]

As to EarthLink's request for the cost of the file wrappers, LR 54.1(b)(5) provides: "[t]he cost of patent file wrappers and prior art patents are taxable . . . ." The rate charged by the USPTO is $600.  EarthLink submitted invoices for this expense, which UA does not dispute:  therefore, EarthLink's request for patent file wrapper costs in the amount of $600.00 is granted.

Regarding EarthLink's request for reimbursement of printing costs for

---

[106] Although UA failed to address this issue, in light of the *Honeywell* decision, this court's recent decision in *Cordance v. Amazon*, C.A. No. 06-491-MPT (dec'd. April 11, 2012), and the absence of success by EarthLink on invalidity, the court is disinclined to allow this expense.

materials copied for use in this matter, including production to UA/Original

Plaintiffs, EarthLink represents it paid $.20 per page, constituting a total cost of

$62,099, as evidenced on its Cost Detail document.  These expenses are

confirmed by the Gaudet declaration which notes "EarthLink physically copied and

produced at least 310,495 pages of documents to [UA/Original Plaintiffs]," for

which the contemporaneous records prepared by Duane Morris LLP, show

EarthLink was billed at the rate of $.20 per page.[107]  EarthLInk represents these

expenses were incurred for production of documents during discovery.[108]

Section 1920 (which defines the term "costs" in Rule 54(d)),[109] allows

recovery under subsection (4) for "[f]ees for exemplification and the costs of

making copies of any material where the copies are necessarily obtained for use

in the case."  Section 1920 is the present codification of the Fee Act of 1853.[110]

The language contained in § 1920(4) was originally found in § 3 of the 1853 Act

which provided: "lawful fees for exemplifications and copies of papers necessarily

obtained for use on trial . . . shall be taxed . . . ."[111]  Said language was later

modified in § 1920 by changing the language "recoverable copying fees" to those

"obtained for use in the case," and replacing the mandatory language requiring

taxation, to may be taxed.[112]  Finally, in 2008 the reference to "copies of papers"

---

[107] D.I. 717 at 3.
[108] D.I. 720 at 18.
[109] *Crawford Fitting Co v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987).
[110] Ch. 80, 10 Stat. 161-69 (1853).
[111] 10 Stat. 168.
[112] *See* Judiciary and Judicial Procedure Act, ch. 646, 62 Stat. 955 (1948).

was changed to the "costs of making copies of any materials."[113]  In light of the

history of § 1920(4) which explicitly allows for copying charges, a strong

presumption exists favoring taxation for such expenses.[114]

Under this court's local rules, discovery or e-discovery expenses are not

specifically itemized in D. DEL. LR 54.1(b).  LR 54.1(b)(11) provides: "Other Costs:

Claims for costs other than those specifically mentioned in the preceding

paragraphs of subpart (b) of this Rule ordinarily will not be allowed, unless the

party claiming such costs substantiates the claim by reference to a statute or

binding decision."  Determining if copying and printing expenses are recoverable,

is analyzed under the framework of § 1920(4), where the "[c]ourt looks to whether

the expenses are reasonable, necessary to the prosecution of the litigation, and

adequately documented."[115]  The relevant inquiry is whether the documents were

necessarily obtained for use in the case.[116]  A court is free to deny the request for

such costs when it finds no documentation, or the documentation is insufficient.[117]

The burden rests with EarthLink, as the moving party, to prove entitlement to

reimbursement.[118]

Although *Steiner* cited herein was decided before the promulgation of LR

54.1(b), this court continues to rely on and has frequently cited this case since the

---

[113] *See* Judicial Administration and Technical Amendments Act of 2008, Pub. L. No. 110-406, § 6, 122 Stat. 4291 (2008).

[114] *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449,462 (3d Cir. 2000).

[115] *Steiner v. Hercules, Inc.*, 835 F. Supp. 771,792 (D. Del.1993) (denying recovery for photocopying and other expenses where the party did not provide documentation identifying individual expenses or services or a billing rate for the items).

[116] *Schering Corp. v. Amgen, Inc.*, 198 F.R.D. 422, 428 (D. Del. 2001).

[117] *Central Delaware Branch of NAACP v. Dover*, 123 F.R.D. 85, 93 (D. Del. 1988).

[118] *West Virginia University* Hospitals *v. Casey*, 898 F.2d 357, 363 (3d Cir. 1990).

implementation of the Delaware Local Rules in 1995.[119]  These cases confirm that if the moving party adequately documents the expenses by showing they are reasonable and were necessarily obtained for use in the case, then the expenses are taxable by the expressed statutory authority under 28 U.S.C. § 1920(4).[120]

As evidenced by the Cost Detail document and the supporting Gaudet declarations, EarthLink provided the necessary information regarding its internal copying charges, including the date, person ordering the copies, invoice number, quantity, per page charge, total amount and description of the service provided, such as printing and duplication.  Although the Cost Detail document did not describe the purpose for the copying, the Gaudet declarations confirm the charges were related to responding to discovery.[121]  The underlying documentation identifies the individual expenses and services incurred, as well as the billing rates for each item, and are adequately documented.[122]  Therefore, EarthLink is entitled to recover for copying charges.

Regarding the reasonableness of the copying charges, UA maintains the per page charge of $.20 is excessive, and EarthLink has failed to show that rate is reasonable.

---

[119] *Phillips Electronics North America Corp. v. Compro Micro Tech.,Inc.*, C.A. No. 02-123, 2006 WL 3020724 *7 (D. Del. Oct. 26, 2005) (citing *Steiner*, requiring "documentation identifying individual expenses or a billing rate" in order to reimburse photocopying and other expenses); *Shering Corp.*, 198 F.R.D. at 7 (allowing reimbursement and finding "copying documents in response to a discovery request is, by its nature, necessary for use in preparing Shering's case"); *Coalition to Save Our Children v. State Bd. of Educ. of State of Del.*, 901 F. Supp. 824, 833 (D. Del. 1995) (citing *Steiner* noting the [c]ourt looks to whether the expenses are reasonable, necessary to the prosecution of the litigation, adequately document").

[120] *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d at 462.

[121] *See* D.I. 717 at 3,¶ C; D.I. 720 at 2, ¶ B.

[122] *Steiner*, 835 F. Supp. at 793, 795.

As noted by EarthLink, it is requesting reimbursement for the actual per page charge. However, it has not provided a basis as to why a $.20 per page charge is reasonable. In a Third Circuit opinion, relied upon by UA, *Interfaith Comty. Org. v. Honeywell Int'l, Inc.,*[123] that court questioned the reasonableness of a $.20 per page copying charge, noting it charges $.10 per page. The court also took judicial notice that, at the time of the decision, FedEx/Kinko's charged less than $.07 per page for large volume copying. The court was particularly concerned with the lower court's recognition that the $.20 per page fee was higher than the usual charge of $.10 to $.15 per page allowed by other federal courts. Although the Third Circuit acknowledged "different types of copies have different costs," e.g., colored versus black and white copies, it could not discern from the record whether the more expensive copying was performed by the movant's counsel in house. Contrary to UA's suggestion, the appellate court did not outright deny the expense, but remanded the issue to the lower court for further consideration.

One unexplained mystery is on the first sixty-four pages of the Cost Detail record, the per page charge is consistently $.20. Beginning in September 2006 and continuing through November 2010 (the date of the last copying charge), certain copies were made at the reduced rate of $.12 per page.[124] EarthLink provides no explanation for this discrepancy, and all entries indicate "internal."

---

[123] 426 F. 3d 694, 717 (3d Cir. 2005). The opinion was rendered while the present matter was in litigation in this court..
[124] D.I. 716 at 65-84.

Some entries suggest certain copies may have been made off site at the lower rate, but whether that occurred is unclear.[125]  In any event, the documentary record shows beginning in 2006, some copies were made at a rate lower than $.20.  In light of the concerns expressed in *Interfaith Comty Org.*, the unexplained variance in the two rates charged, and the existence of a reduced rate, the court finds the rate of $.12 per page appropriate, as within the accepted rate charged by other federal courts, and will reduce[126] EarthLink's award to $37,259.40.[127]

### F.  UA's Request to Seek Indemnification from Original Plaintiffs

UA maintains the Original Plaintiffs are required to indemnify it under the Purchase Agreement, and requests leave to bring a third party action against them for indemnification.

Section 9.2 (c) of the Purchase Agreement provides specific procedures for invoking indemnification, including notification to the Original Plaintiffs of any claim, and a request to assume UA's defense.  UA represents notification and a request to indemnify was made to the Original Plaintiffs for EarthLink's bill of costs.  UA's request for leave to bring a third-party action against the Original Plaintiffs is granted.

Therefore, consistent with the reasons contained herein, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.  EarthLink's bill of costs (D.I. 716)  is GRANTED in part and DENIED in

---

[125] *Id.* at 83-84.
[126] The court may determine the reasonable rate for copying charges. *See In re Paoli R.R. Litig.*, 211 F.3d at 454 (recognizing a district court has broad discretion is determining and imposing costs).
[127] If the court's math is incorrect, it is certain the parties will so advise.

part:

        a.  EarthLink's request for deposition costs in the amount of $39,772.44 is DENIED.

        b.  EarthLink's request for witness subsistence fees, mileage and transportation in the amount of $5,195.75 is GRANTED.

        c.  EarthLink's request for exemplification and exhibit costs is DENIED.  Its request for copying and printing expenses is GRANTED at the reduced amount of $37,259.40.

        e.  EarthLink's request for patent file wrapper expenses in the amount of $600 is GRANTED.

        f.  EarthLink's request for Clerk and Marshal fees in the amount of $455.00 is GRANTED.

    2.  UA's request for leave to pursue a third party action against the Original Plaintiffs is GRANTED.


Date:  June 14, 2012.        <u>/s/ Mary Pat Thynge</u>
                              UNITED STATES MAGISTRATE JUDGE